IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SYLVESTER SCOTT JOHNSON                                         PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:13cv66-HSO-RHW

CITY OF MOSS POINT, *et al*.                                      DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This cause came before the Court for a duly noticed omnibus hearing scheduled for Wednesday, July 2, 2014 at 9:00 a.m. before United States Magistrate Judge Robert H. Walker in Courtroom 881 of the Dan M. Russell, Jr. Federal Building in Gulfport, Mississippi.  The docket reflects, and the Court finds that on June 13, 2014 the clerk properly notified Plaintiff of the hearing by mailing notice thereof to the most recent address Plaintiff provided the Court, which is a free-world address.  The notice has not been returned to the Court, and is presumed to have been received by the Plaintiff.  Orders entered in this case have repeatedly warned Plaintiff that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit.  See, Orders [3], [5], [8], [10], [11], [13] and [15]. Although counsel for the Defendants appeared for the hearing at the appointed time, the Plaintiff did not appear, and has made no contact with the Court regarding the hearing.

## RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that Plaintiff has either wilfully failed to advise the Court of his current address, or that he has willfully ignored the notice of the July 2, 2014 hearing.  Accordingly, the United States Magistrate Judge recommends that  Plaintiff's cause of action be dismissed for failure to prosecute.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 2nd  day of July, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE