IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SYLVESTER SCOTT JOHNSON**                                       **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 1:13-cv-66-HSO-RHW**

**CITY OF MOSS POINT;
MOSS POINT POLICE DEPARTMENT;
RAY STANTON; JACKSON COUNTY ADULT
DETENTION CENTER; AND JACKSON
COUNTY, MISSISSIPPI**                                           **DEFENDANTS**

### ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff Sylvester Scott Johnson's Objections [37, 38] to Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendations [35]. After thoroughly reviewing the Proposed Findings of Fact and Recommendations, in addition to the position advanced by Plaintiff in his Objections, the Court finds that Plaintiff's Objections should be overruled, and that the Magistrate Judge's Proposed Findings of Fact and Recommendations should be adopted as the finding of the Court.

### I. BACKGROUND

*Pro se* Plaintiff Sylvester Scott Johnson filed this lawsuit on March 11, 2013, pursuant to 42 U.S.C. § 1983, against the City of Moss Point, Mississippi, and Moss Point Police Officer Ray Stanton, as well as two other Defendants that have since

1

been dismissed. Jackson County, Mississippi, was added as a Defendant by Order [13] entered July 3, 2013. Plaintiff represents that on March 14, 2012, he was working off fines imposed by the City of Moss Point when he was instructed by Defendant Officer Stanton, his supervisor, to go onto the roof of an abandoned building to tear off shingles. Pl.'s Compl. [1] 4. According to Plaintiff, he fell through the roof onto the pavement below, sustaining neck and back injuries that remain symptomatic. *Id.* at 5. Plaintiff claims that Defendants are liable for his injuries because Officer Stanton "did not provide his workers with any safety equipment before putting us on the roof" and did not inspect the roof before requiring him to work on the roof. *Id.* at 4-5; see Pl.'s Resp. [12, 12-1].

Plaintiff makes no allegation that Defendants required him to work off his fines but states that if he did not do so, he would have had to "go back to jail." Pl.'s Resp. [12-1] 1. Fourteen days prior to suffering his alleged injuries, Plaintiff signed a release and waiver of liability agreement, acknowledging that he voluntarily applied to participate in work activities for the Moss Point Police Department, that he was aware such activities were hazardous, that he could be seriously injured or even killed, and that he agreed to assume the risks of bodily injury, death, or property damage. Release and Waiver [25-1].

On October 1, 2013, Defendants City of Moss Point and Officer Stanton, in his official capacity only, filed a Motion to Dismiss [25] Plaintiff's suit. On February 12, 2014, Jackson County filed a Motion to Dismiss [30] Plaintiff's suit. Plaintiff did not file a response to either Motion. On June 13, 2014, the Magistrate Judge

ordered Plaintiff to appear for an omnibus screening hearing to be held on July 2, 2014,

> 1) to determine if dismissal is appropriate under 28 U.S.C. § 1915A(b) or other applicable law; 2) to define the issues to be litigated; 3) to ascertain the potential witnesses or exhibits; 4) to provide appropriate assistance to the *pro se* litigant in obtaining evidence for trial; and 5) to evaluate the case as appropriate.

Order [34].

The Clerk of Court mailed the Order [34] Setting Omnibus Hearing on the same date that it was entered to the address Plaintiff provided just three weeks prior in a Notice [33] of Change of Address.  Over the span of about one year and two months, Plaintiff has filed four Notices of Change of Address [4, 19, 31, 34] in this case.

On July 2, 2014, after Plaintiff failed to appear at the omnibus hearing, the Magistrate Judge issued his Proposed Findings of Fact and Recommendations [35], recommending dismissal of Plaintiff's suit for failure to prosecute.  The Magistrate noted that numerous Orders had warned Plaintiff that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of this lawsuit.  Orders [3, 5, 8, 10, 11, 13, 15].  The Magistrate Judge opined "that Plaintiff ha[d] either wilfully failed to advise the Court of his current address, or that he ha[d] willfully ignored the notice of the July 2, 2014 hearing."  Recomms. [35] 1.

On July 14, 2014, Plaintiff filed Objections [37, 38] to the Magistrate Judge's Proposed Findings of Fact and Recommendations, maintaining that he did not

receive the Order [34] Setting Omnibus Hearing because he was in the process of moving and no longer living at his then-address of record, and also on the basis that he has medical issues. Objs. [37] 2. Plaintiff acknowledges that his sister received the Order setting the omnibus hearing but asserts that she did not provide it to him until the day after the hearing. *Id.* Of note, however, is the fact that the Clerk of Court mailed the Magistrate Judge's Proposed Findings of Fact and Recommendations to the same address the Order setting the omnibus hearing was mailed, and Plaintiff received the Proposed Findings of Fact and Recommendations in sufficient time to file timely Objections on July 14, 2014. In fact, someone at Plaintiff's then-address of record signed for the Proposed Findings of Fact and Recommendations on the day after it was mailed. Ackn. of Receipt [36]. Plaintiff furthermore offers no explanation as to why he did not respond to the two Motions [25, 30] to Dismiss filed by Defendants.

## II. DISCUSSION

A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  <u>Plaintiff's Case Should Be Dismissed for Failure to Prosecute and Comply with Court Orders</u>

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court also has the inherent authority to dismiss an action *sua sponte* for lack of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630-31. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Id.* at 629-30.

The Court has conducted an independent, *de novo* examination of the record and finds that Plaintiff's Objections [37, 38] are not well taken and should be overruled. Plaintiff's proffered reasons are insufficient based upon the record as a whole in this case to warrant overturning the Magistrate Judge's decision, particularly where it appears Plaintiff has likely waived the claims he advances in this litigation. The Proposed Finding of Fact and Recommendations [35] of the Magistrate Judge should be adopted as the opinion of the Court. This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to comply with Court Orders [3, 5, 8, 10, 11, 13,

15], which have repeatedly warned him that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of this lawsuit.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Sylvester Scott Johnson's Objections [37, 38] filed in this case are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendations [35] of Magistrate Judge Robert H. Walker entered on July 2, 2014, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and comply with Court Orders.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE